Johan v. Holder

BIA
A097 150 220
Nelson, I.J.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of August, two thousand twelve.

PRESENT:
>      BARRINGTON D. PARKER,
>      RICHARD C. WESLEY,
>      SUSAN L. CARNEY,
>           *Circuit Judges.*

_____

LUCYANA HAPPY JOHAN,
>      *Petitioner,*

>                                        11-2070-ag

>      v.                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>      *Respondent.*

_____

FOR PETITIONER:          Aaron Shapiro, The Shapiro Law Firm, LLC, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; John Hogan, Senior Litigation Counsel; Norah Ascoli Schwarz, Senior Litigation Counsel,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lucyana Happy Johan, a native and citizen of Indonesia, seeks review of an April 28, 2011, decision of the BIA affirming the January 29, 2010, decision of Immigration Judge ("IJ") Barbara A. Nelson, denying Johan's application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Lucyana Happy Johan*, No. A097 150 220 (B.I.A. Apr. 28, 2011), *aff'g*, No. A097 150 220 (Immig. Ct. N.Y. City Jan. 29, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

In her brief, Johan does not argue that the agency erred in finding that she could safely relocate within

Indonesia, and she has therefore abandoned any challenge to this finding.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).  This alone provides a basis for denying the petition review as to Johan's asylum and withholding of removal claims.  *See* 8 C.F.R. §§ 1208.13(b), 1208.16(b)(2); *Steevenez v. Gonzales*, 476 F.3d 114, 117–18 (2d Cir. 2007) ("An alien's ability to relocate safely constitutes a ground, in and of itself, on which an IJ's denial of withholding of removal may be based"); *Singh v. BIA*, 435 F.3d 216, 219 (2d Cir. 2006) ("Asylum in the United States is not available to obviate re-location to sanctuary in one's own country.").  Moreover, the agency did not err in determining that Johan failed to establish a pattern or practice of persecution against Chinese Christians in Indonesia.  *See Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009).  In *Santoso*, we upheld a BIA determination that no such pattern or practice of persecution exists.  *Id.* at 112 (taking judicial notice of the fact that "Indonesia is a nation state consisting of approximately 6000 inhabited islands and that, in many places, Roman Catholicism is predominant.").

To the extent that Johan's waiver of the agency's relocation finding is not also dispositive of her claim for relief under the CAT, we find that the agency's decision was

3

supported by substantial evidence, as Johan did not present any particularized evidence that it is more likely than not that she would be tortured in Indonesia. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005) (rejecting CAT claim where petition relied on country reports and provided "no additional particularized evidence to support her claim").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4